**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0207n.06
Filed: March 18, 2009

**No. 08-5535**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DARREN HASTINGS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| REMARKETING SOLUTIONS, INC., | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM.

Plaintiff Darren Hastings appeals the district court's order dismissing his complaint under Fed. R. Civ. P. 12(c) against defendant Remarketing Solutions, Inc. ("Remarketing") alleging "outrageous conduct" and retaliatory discharge under Tennessee's common law and a violation of § 50-1-304(d)(1) of the Tennessee Public Protection Act ("TPPA"). TENN. CODE ANN. § 50-1-304. Hastings's complaint asserts that defendant unlawfully terminated his employment because he refused to commit fraud, to wit, that he was fired because he would not unilaterally insert the effective date in a service contract he reviewed while employed as Remarketing's in-house attorney.

The district court's April 7, 2008, memorandum opinion carefully analyzed Hastings's allegations against defendant and dismissed his TPPA and retaliatory discharge claims because he

failed to allege sufficient facts to plausibly suggest that Remarketing's actions constituted fraud. The district court also ruled that Hastings's complaint failed to assert that Remarketing had engaged in an illegal activity that implicated important public policy concerns, a necessary element to sustain recovery under both the TPPA and Tennessee's common law. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 538 (Tenn. 2002) (holding that discharged employee must demonstrate that employer's illegal activities implicated important public policy concerns to maintain viable TPPA claim); *Franklin v. Swift Transp. Co., Inc.,* 210 S.W.3d 521, 530 (Tenn. Ct. App. 2006) (holding that "under both the [TPPA] and the common law, the 'illegal activity' or violation by the employer must implicate important public policy concerns . . . ."). Finally, the district court dismissed Hastings's tort claim for outrageous conduct because his factual allegations, taken as true, were not so "outrageous" as "to be beyond the pale of decency" as required by Tennessee law. *See Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 266 (6th Cir. 1991); *Medlin v. Allied Inv. Co.,* 398 S.W.2d 270, 274 (Tenn. 1966), abrogated on other grounds, *Camper v. Minor*, 915 S.W.2d 437, 444-46 (Tenn. 1996).

We have carefully reviewed the parties' briefs, the applicable law, and the record before our court, and we agree that Hastings's claims were properly dismissed. Because the district court's decision is well-reasoned, we see no reason to embellish upon the district court's rulings. Therefore, we affirm the district court's dismissal of plaintiff's claims for the reasons stated in the district court's memorandum opinion issued on April 7, 2008.